UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

| | | |
|---|---|---|
| ANTWAN MILES, | ) | |
| | ) | |
| Petitioner, | ) | No. 7:11-CV-00058-KSF |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| USP-BIG SANDY, *et al.*, | ) | **AND ORDER** |
| | ) | |
| Respondents. | ) | |

\*\* \*\* \*\* \*\* \*\*

Antwan Miles, confined in the Federal Correctional Institution located in Manchester, Kentucky ("FCI-Manchester")[1] has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his prison disciplinary conviction and resulting sanctions.

As Miles has paid the $5.00 filing fee, the Court reviews the § 2241 petition to determine whether, from the face of the petition and any exhibits annexed to it, he is entitled to relief. *See* Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; (applicable to § 2241 petitions under Rule 1(b)); *see, e.g.*, *Patton v. Fenton,* 491 F.Supp. 156, 158-59 (M.D. Pa.1979); *see also* 28 U.S.C. § 2243. If it appears from the face of the § 2241 petition that relief is not warranted, the Court may summarily dismiss the petition. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

For the reasons set forth below, the Court has determined that Miles is not entitled to relief under § 2241. His habeas petition will be denied, and this proceeding will be dismissed.

---

[1] When Miles filed his § 2241 petition, he was confined in the United States Penitentiary-Big Sandy ("USP-Big Sandy") located in Inez, Kentucky. According to the Bureau of Prisons ("BOP") official website, Miles is now confined in FCI-Manchester. *See* "Inmate Locator" feature, Antwan Damont Miles, BOP Register No. 10555-033, April 18, 2012 www.bop.gov.

CLAIMS AND RELIEF SOUGHT

Miles alleges that his due process rights guaranteed under the Fifth Amendment of the United States Constitution were violated during a disciplinary proceeding at USP-Big Sandy in July 2009. In the proceeding, Miles was convicted of a disciplinary sanction and ordered to forfeit forty-one (41) days of good-time credits ("GTC"). Miles seeks the expungement of the disciplinary report and the reinstatement of his forfeited GTC.

ALLEGATIONS OF THE PETITION

1. Disciplinary Charge and Conviction

On July 4, 2009, Miles occupied the lower bunk of Cell No. 331, Unit C-4, in USP-Big Sandy. Inmate Ludence Turnball occupied the upper bunk of Cell No. 331. On that date, Correctional Officer ("CO") J. Mullins was conducting "bar taps" when he discovered two homemade weapons hidden inside the bunk bed ladder of Cell 331. One weapon was an 11-inch metal rod sharpened to a point, with a cover over it, and the other weapon was an 8 and ½ inch metal "guide" sharpened to a point, with a cover over it. CO Mullins filed an Incident Report after the discovery, charging Miles with violating BOP Code No. 104, Possession of a Weapon.[2] [R. 2-4, p. 6]. The Unit Disciplinary Committee then referred the charges to the Disciplinary Hearing Officer ("DHO") for a hearing. [*Id.*].

---

[2] The various levels of BOP offenses are set forth in 28 C. F. R. § 541.13, Table 3. The most serious offenses ("Greatest Category") are listed in Code Nos.100-199; the next level of offenses ("High Category") are listed in Code Nos. 200- 299; the next level of offenses ("Moderate Category") are listed in Code Nos. 300-399; and the final and lowest level of offenses ("Low Moderate Category") are listed in Code Nos. 400-499.

2

The disciplinary hearing transpired at USP-Big Sandy on July 16, 2009.  DHO T.S. Mortimer considered the following evidence:  (1) the report of CO Mullins, who had discovered the weapons in Miles' cell and filed the Incident Report; (2) the testimony of Lieutenant J. Gilman, who testified that he had another officer retrieve the "end cap" of the weapons, and that the glue which affixed the weapons to the bunk bed ladder appeared to be hardened, old, and crusting into pieces; (3) photographs of the two weapons; and (4) Miles' testimony at the hearing, which was that he (Miles) had not been at USP-Big Sandy long enough to obtain any weapons, that he had not even attended the Admissions and Orientation program at the prison, and that the glue used to attach the weapons to the ladder indicated that the weapons had been placed there long before he arrived at USP-Big Sandy.

DHO Mortimer found Miles guilty of violating the BOP Code 104 offense.  *See* DHO Report, [R. 2-1, pp.  4-5].  In the section of the DHO Report entitled "Specific Findings of Evidence Relied on Support Guilt," DHO Mortimer acknowledged Lieutenant J. Gilman's testimony that the glue encasing the weapons appeared to be old, but concluded that Gilman's observation was not significant to the case. [*Id*., p. 4].  DHO Mortimer observed that Lieutenant Gilman is not a forensic scientist; that no means existed to determine exactly how old the glue was; and that the "end cap" from the weapons could have been removed and replaced without using glue. [*Id*.].  DHO Mortimer further noted that Miles had been assigned to Cell No. 331 on June 3, 2009; that the weapons were discovered on July 4, 2009, a month later; and that Miles had ample time to ensure that his cell area was free from contraband and weapons in compliance with USP-Big Sandy's handbook governing inmates' rights and responsibilities. [*Id*., p. 5].

3

DHO Mortimer found Miles guilty based on the what he considered to be the greater weight of the evidence, which he identified as the photograph of the evidence; that fact that the weapons were discovered in a cell which Miles occupied; and the statement of the reporting officers who have "the duty and obligation to report the truth and submit accurate statements." [*Id*.]. DHO Mortimer imposed the following sanctions on Miles: (1) disallowance of 41 days of GTC; (2) six months' loss of commissary privileges; (3) six months' loss of visitation privileges; and (4) 30 days' disciplinary segregation suspended pending 180 days of clear conduct.

Miles appealed the conviction and sanction. Both the BOP Mid-Atlantic Regional Office ("MARO") and the BOP Central Office affirmed the DHO Report, finding that the DHO complied with the requisite disciplinary procedures; that there was some evidence in the record to support the DHO's findings; and that the proper sanctions had been imposed. *See* MARO Response, [R 2-1, p. 9]; Central Office Response, [*Id*., p. 16].

## 2. Claims Asserted in § 2241 Petition

Miles alleges that the DHO had insufficient evidence on which to base his decision of guilt; that the DHO identified no specific facts linking him to the weapons found in the bunk bed ladder in his cell; that he (Miles) was unaware that weapons had been hidden in the bunk bed ladder in his cell; and that he should not have been found guilty of the offense based solely on the fact that he occupied the cell in which the weapons were found. In other words, Miles contends that his guilt should not have been based on the theory of constructive possession over any weapon or contraband found in the cell that he inhabited.

4

DISCUSSION

Miles claims insufficient evidence existed to support his conviction, but this argument ignores the fact that, pursuant to *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445 (1985), a disciplinary conviction must be upheld as consistent with due process as long as there is "some evidence" to support the decision. *Id*. at 454-55. "Some evidence," as its name suggests, is a lenient standard. *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A district court has no authority under the guise of due process either to review the resolution of factual disputes in a disciplinary decision or to weigh the credibility of the witnesses.

As for Miles' argument that the DHO lacked specific evidence or testimony indicating that he had actual knowledge of their existence, such evidence was not necessary. In *Perez v. Rios*, No. 08-CV-171-KKC, 2009 WL 499141 (E.D. Ky. February 27, 2009), Perez was convicted of possessing hazardous tool (knives), forfeited 41 days of GTC, and sought relief in a § 2241 petition. *Id*. at *1. Perez, like Miles, argued that the knives did not belong to him.

In denying Perez's § 2241 petition, the Court noted that inmates are responsible for ensuring that their cells remain free of contraband. Relying on *Hill*, the Court found that there was sufficient evidence to support the DHO's finding that because Perez was in control of his cell area, he was in possession of a hazardous tool. *Id*. at *2. This Court has reached the same result in other similar cases involving claims of constructive possession over contraband or weapons. *See Hayes v. Hickey*, No. 10-CV-18-KSF, 2010 WL 1740875, at *7 (E.D. Ky. April 28, 2010); *Farris v. Wilson*, No. 09-127-GFVT, 2009 WL 3257955, at *5 (E.D. Ky. October 8, 2009); *Kenner v. Martimer*, No. 08-CV-73-KKC, 2008 WL 2355832, *3 (E.D. Ky. June 6, 2008). The rationale of these cases applies here and supports the DHO's conclusions.

The DHO was not required to find Miles guilty beyond a reasonable doubt as would be the case in a criminal proceeding in a court of law. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The inquiry in cases like this is only whether there was "some" evidence to support the guilty verdict, even if other evidence (such as witness testimony that the glue was very old) may have been exculpatory in nature.

Miles argued at the hearing, and in his § 2241 petition, that someone else placed the weapons in the bunk bed ladder in his cell. Under *Superintendent v. Hill*, the DHO was free to reject that claim as insubstantial and instead rely on the photographs and the investigative report stating that weapons had been found in the cell which Miles occupied. A district court merely ensures that the disciplinary decision is not arbitrary and does have evidentiary support. *Superintendent*, 472 U.S. at 457. The investigating officer's report constituted "some" evidence upon which the DHO could reasonably rely in finding Miles guilty and imposing the sanctions. Even meager proof is sufficient under the "some evidence" standard. *Webb*, 224 F.3d at 652.

In this case, there was "some" evidence to support Miles' disciplinary conviction, *i.e.*, photographs of the weapons and CO Mullins' Incident Report stating that he had discovered weapons hidden in the bunk bed ladder of Miles' cell. The DHO was free to assign greater weight to this evidence than to Miles' testimony that he had no knowledge of the existence of the weapons hidden in the ladder in his cell and the fact that the glue around the weapons appeared to be old. Although CO Mullins' report was not conclusive evidence of guilt, and although Miles raised some factual disputes with the report, it is not the role of this Court to weigh the credibility of the evidence or substitute its judgment for that of the DHO.

As Miles' disciplinary conviction was supported by "some" evidence, his Fifth Amendment due process rights were not violated. The § 2241 petition will be dismissed.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Petitioner Antwan Damont Miles' 28 U.S.C. § 2241 petition for writ of habeas corpus, [R. 2], is **DENIED**;and

(2) This action will be **DISMISSED**, *sua sponte,* from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named respondents.

This April 20, 2012.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge